UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE: )
)
Terry Allen Walker and ) Case No. 06-11514C-7G
Melissa Clifton Walker, )
)
Debtors. )
)

ORDER AND OPINION

This Chapter 7 case came before the court on April 10, 2007, for hearing on a Joint Motion for Assumption of the Lease Agreement between Debtors and Wells Fargo Auto Finance, Inc.  Julie H. Stubblefield appeared on behalf of the Debtors and Pamela P. Keenan appeared on behalf of Wells Fargo Auto Finance, Inc.

According to the motion, the Debtors have assumed an automobile lease with Wells Fargo Auto Finance, Inc. pursuant to section 365(p) of the Bankruptcy Code.  The motion requests that the court enter an order approving such assumption and adjudging that the Debtors have waived their discharge as to the assumed lease agreement.

Section 365(p), a new provision that was added by BAPCPA, contains a procedure for a chapter 7 debtor to assume a lease of personal property.[1]  Since that procedure does not include judicial

---

[1] Section 365(p)(2) provides:

    (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease.  Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by

involvement, the court declines to pass judgment on the lease assumption. "Moreover, section 365(p) does not appear to necessarily lead to waiver of or exception to the discharge of a debt by way of the assumption." In re Finch, No. 06-14016, 2006 WL 3900111, at *1 (Bankr. D. Colo. Oct. 2, 2006). Reaffirmation and waiver of discharge are dealt with in section 524(c), which has not been invoked in this case. The court, therefore, also declines to adjudge that the Debtors have waived their discharge. See In re Creighton, No. 06-13333, 2007 WL 541622 (Bankr. D. Mass. Feb. 16, 2007); In re Rogers, No. 06-03475, 2007 WL 397487 (Bankr. D.S.C. Jan 30, 2007).

For the foregoing reasons, the motion shall be and hereby is overruled and denied.

This **27th** day of April, 2007.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

(B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.

(C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

PARTIES IN INTEREST

Julie H. Stubblefield, Esq.
117 Sunset Avenue
Asheboro, NC 27203

Pamela P. Keenan, Esq.
P.O. Box 19766
Raleigh, NC 27619-9766

Michael D. West, Bankruptcy Administrator

Charles M. Ivey, III, Trustee